PER CURIAM.
The Florida Bar’s Criminal Procedure Rules Committee (Committee) has filed an out-of-cycle, fast-track report for consideration of proposed amendments to Florida Rule of Criminal Procedure 3.130 to conform the rule to recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee proposes two amendments to rule 3.130, First Appearance — to subdivision (b), Advice to Defendant, and to subdivision (d), Pretrial Release. The proposals are in response to recent amendments to section 948.06(l)(d), Florida Statutes (2010), see ch.2011-38, § 2, Laws of Fla., which went into effect on October 1, 2011. See ch.2011-38, § 3, Laws of Fla.
After considering the Committee’s proposals and reviewing the relevant legislation, we adopt the amendments as proposed by the Committee. Under section 948.06(l)(d)l.a., as amended, a defendant who is arrested for violating his or her probation or community control in a material respect by committing a new violation of law shall be informed at a first appearance hearing of the violation. Rule 3.130(b) (Advice to Defendant) is amended to reflect this requirement. In addition, sections 948.06(l)(d)2. and 3., as amended, identify factors the court may consider at the first appearance pertaining to pretrial release. Rule 3.130(d) (Pretrial Release), is amended to expressly include those factors.
Accordingly, Florida Rule of Criminal Procedure 3.130 is hereby amended as reflected in the appendix to this opinion. New language is underscored. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents.

APPENDIX

RULE 3.130. FIRST APPEARANCE
(a) [No Change]
(b) Advice to Defendant. At the defendants first appearance the judge shall immediately inform the defendant of the charge, including an alleged violation of probation or community control and provide the defendant with a copy of the complaint. The judge shall also adequately advise the defendant that:
(l)the defendant is not required to say anything, and that anything the defen *256 dant says may be used against him or her;
(2) if unrepresented, that the defendant has a right to counsel, and, if financially unable to afford counsel, that counsel will be appointed; and
(3) the defendant has a right to communicate with counsel, family, or friends, and if necessary, will be provided reasonable means to do so.
(c) [No Change]
(d) Pretrial Release. The judicial officer shall proceed to determine conditions of release pursuant to rule 3.131. For a defendant who has been arrested for violation of his or her probation or community control by committing a new violation of law, the judicial officer:
(1) May order the offender to be taken before the court that granted the probation or community control if the offender admits the violation;
(2) If the offender does not admit the violation at first appearance hearing, the judicial officer may commit and order the offender to be brought before the court that granted probation or community control, or may release the offender with or without bail to await further hearing, notwithstanding section 907.041, Florida Statutes, relating to pretrial detention and release. In determining whether to require or set the amount of bail, the judicial officer may consider whether the offender is more likely than not to receive a prison sanction for the violation.
Committee Notes
[No Change]

. An original and nine paper copies of all comments must be filed with the Court on or before May 7, 2012, with a certificate of service verifying that a copy has been served on the committee chair, Judge Donald E. Sca-glione, 20 N. Main St., Room 359, Brooks-ville, FL 34601-2817, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until May 28, 2012, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).